CORDELIA E. BRADLEY, Appellant, v. JOHN A. DELANEY, Road Overseer, etc., Respondents.

**Kansas City Court of Appeals, November 19, 1906.**

**APPELLATE PRACTICE: Rule 15: Default: Evidence.** The dispatch of business requires reasonable compliance with rule 15; and a party in default by reason of the negligence of another on whom he relied should make a full and candid statement of the fault or negligence of such other; and evidence relating to the failure to serve an abstract under the rule is held insufficient to excuse the default.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

APPEAL DISMISSED.

*Allen, Nichols & Neville* and *Thomas W. Ryan* for appellant.

*Luke H. Moss* and *C. F. Keller* for respondent.

ON MOTION TO DISMISS APPEAL.

BROADDUS, P. J.—Respondents file motion to dismiss appeal on the ground that appellant has failed to comply with rule fifteen of this court by delivering to the attorneys for respondents a copy of her abstract and brief herein twenty days before this case was docketed for hearing at this term of court.

On the 15th day of November, 1905, judgment was rendered in favor of respondents in the circuit court of Buchanan county and the appeal allowed on the 21st day of said month. Time was given to appellant to file her bill of exceptions during the next term of the court. The bill was filed on June 29, 1906, within the time allowed. The appellant brought the case to this court

within the time allowed by law, and it was continued by agreement of parties on May 2, 1906, as the bill of exceptions had not been filed at that time.

The appellant resists the motion to dismiss on the ground that they exercised due diligence and have filed affidavits to support their claim in that respect, and that the default was occasioned by the delay of the printer, who was employed to print the abstracts and briefs. It is shown that appellants prepared what they call the record, which we take to mean the abstract, some time in July, 1906, and delivered the same to A. E. Bradley, the husband of appellant, to have it printed and that he delivered it to the printer the last week in August, who promised to have it printed by the 8th of September, which would have been in time for filing under the rule. The printer did not print and deliver it to appellant's counsel until on the 24th day of September, which was not in time for service on respondents under the said rule. The printer's excuse for the delay is, "that in printing said record he was delayed in the work on account of lack of help in his printing establishment and the sickness of his foreman."

As it appears that the abstract was placed in the hands of the appellant's husband to have it printed some time in July and that he failed to get it to the printer until the last week in August, he is chargeable with unnecessary delay. There has been no effort made to explain the reason for such delay. In view of the fact that the appellant knew that the case was set for hearing on the 3d day of October, it was incumbent upon her to proceed without delay in having her abstract printed so that it might be served as required. Instead of doing so, her husband and agent withheld it from the printer for about a month, leaving but scant time for him to do the printing. Reasonable allowance should be made for delay in such cases. Had the printer received the record from the appellant's agent and hus-

band within a reasonable time after it went into his hands, the printer would have had ample time to do his part of the work. The affidavit filed in the case fails to state the day in July which Bradley got the record from appellant's attorney. While the dates of the other transactions relating to the printing are given, we are at a loss to know why that was not given also. For aught that appears, Bradley may have had the record in his possession more than a month. It behooved appellant to make a full and definite statement of the facts, but, as she failed to do so in the important particular mentioned, we are justified in the inference that, had the said date been disclosed, it would have shown greater negligence upon appellant's part. In matters of this kind, a party asking the court to relieve him from the consequences of his failure to do a thing, necessarily required to be done in order that he may have a hearing, but which he was prevented from so doing through the fault or negligence of another on whom he had a right to rely, ought to speak fully and with all candor; otherwise he ought not to be heard.

It would be almost impossible for this court to transact and dispatch business without, at least, a reasonable compliance with rule fifteen. Should we overlook such delays, as has been shown in this case, the rule would sooner or later become a dead letter and the time given for the hearing and disposition of cases frittered away to the detriment of the administration of justice. Motion sustained and appeal dismissed. All concur.