## DAVID REIDY, Appellant, v. AMELIA E. REIDY, Respondent.

### Kansas City Court of Appeals, June 2, 1913.

1. **PRACTICE, APPELLATE: Abstract of Record: Bill of Exceptions: Allowance of Appeal.** Under Rule 26 of this court, adopted January 6, 1913, the abstract of record need not set out the record entries showing leave to file, or the filing of the bill of exceptions, or the various steps taken to perfect the appeal. Statements in the abstract of record that the bill of exceptions was duly filed and the appeal was duly taken will be sufficient in the absence of a record showing to the contrary.

2. ————: **Rule 15: Default: Evidence.** The proper and efficient dispatch of business in the appellate court requires a reasonable compliance with Rule 15, and the court cannot allow violations thereof or encroachments thereon without inflicting the penalty provided for such violations. Affidavits filed to show excuse for failure to comply with such rule must affirmatively exclude every theory of the litigant's carelessness or blame for such failure. If all the affidavits say can be accepted as true and yet leave room for the negligence of the litigant to cause the failure, such affidavits are insufficient.

Appeal from Moniteau Circuit Court.—*Hon. John M. Williams*, Judge.

MOTION TO DISMISS APPEAL SUSTAINED.

*Frank H. Farris, R. L. Kay* and *L. F. Wood* for appellant.

If one of the parties to the marriage contract absents himself or herself without a reasonable cause for the space of one year, it is legal and just grounds for divorce. R. S. 1909, sec. 2370. It is the duty of the

wife to live with her husband and abide his fortunes in sickness and health, in poverty and riches and make his will her will where it is not in conflict with the law of God. Messenger v. Messenger, 56 Mo. 335; Kaster v. Kaster, 45 Mo. App. 118; Wilson v. Craig, 175 Mo. 405. And an offer to return and abide with her husband, to defeat the charge of desertion, must be made in good faith and not for the purpose of laying a founddation to defeat an action for divorce. Messenger v. Messenger, 56 Mo. 335. The right to a divorce does not rest in the discretion of the court, but is a statutory one, which the court is bound to enforce. Morgan v. Morgan, 134 Mo. App. 164. It is the duty of the appellate court to review the evidence and enter such judgment as the trial court should have done. Ashburn v. Ashburn, 101 Mo. App. 369.

*R. M. Embry* for respondent.

The plaintiff wholly failed to make out a case of desertion. The three things that must concur, in order to establish desertion, were not proven by plaintiff, appellant, nor was any one of them proven by plaintiff. Davis v. Davis, 60 Mo. App. 545; Gilmer v. Gilmer, 37 Mo. App. 672; Scott v. Scott, 44 Mo. App. 600; Neff v. Neff, 20 Mo. App. 182.

TRIMBLE, J.—In this case a husband sues his wife for divorce on the ground of desertion. The answer denied desertion and set up that the husband sent her away from him, treated her without any consideration whatever, and refused to support her or to allow her to live with him. The court found for defendant and dismissed plaintiff's petition. The latter appealed.

A motion has been filed on the part of respondent to affirm the judgment because appellant's abstract of the record does not show that any bill of exceptions

was filed nor that any appeal was granted. It is true appellant has filed no abstract of the record entries showing his leave to file, or the filing of a bill of exceptions, nor has he abstracted the record entries showing the steps taken below to perfect his appeal. But in the printed pamphlet purporting to be the "Statement, Abstract and Brief of Appellant" there appear statements showing that the appeal was duly taken and that his bill of exceptions was duly filed. If this document can be considered an abstract, then such statements as to the filing of the bill of exceptions and the taking of the appeal, are sufficient and the abstract need not contain the record entries showing these necessary steps, in the absence of a record showing to the contrary. Rule 26 adopted by this court January 6, 1913.

Respondent has also filed a motion to dismiss the appeal because appellant has failed to comply with Rule 15 of this court requiring him to deliver a copy of his abstract, brief, points and authorities to attorney of respondent at least twenty days before the day on which the cause is docketed for hearing at this term. The judgment was rendered September 7, 1912, and the appeal was allowed to this court on the same day. The appeal was therefore returnable to the March term, 1913, of this court, and was set or docketed for hearing herein on March 10, 1913. The alleged abstract and brief were served upon respondent's attorney February 21, 1913, which was less than the twenty days required. The bill of exceptions was signed January 13, 1913, and appellant had from that date until February 18, 1913, in which to have said abstract and brief printed. This record is not large and ought not to require more than a few days to print. An affidavit has been filed which says the reason the abstract was not served in time is because the printer failed to finish same within the time he said he would when the manuscript was delivered to him. But the

affidavit does not show when the manuscript was left with the printer, nor that the failure of such printer to get it done in time was his fault, or that he had a reasonable time in which to complete the printing thereof in time for proper delivery. The affidavit is insufficient. [Bradley v. Delaney, 121 Mo. App. 715, 1. c. 717.] When proof is offered for the purpose of excusing a violation of an important rule, such proof should include every fact necessary to show that the one asking leniency was without fault. As said in Bradley v. Delaney, supra, it would be almost impossible for this court to dispatch the business before it if rule fifteen is not complied with. To allow it to become a dead letter would result in frittering away time given for the hearing and disposition of cases to the detriment of the administration of justice. Motion to dismiss sustained. All concur.